## IN THE DISTRICT COURT OF MARYLAND FOR
## MONTGOMERY COUNTY, MARYLAND

MARK A. LAMONT                    *
13822 Lullaby Road               *
Germantown, MD 20874             *
                                 *
    Plaintiff               *
                                 *       Case No. 369996-V
    vs                      *
                                 *       **RECEIVED**
CACH, LLC                        *
4340 S. Monaco Street, 2nd Floor *       OCT 25 2012
Denver, CO 80237                 *
Serve: The Corporation Trust Incorporated *   Clerk of the Circuit Court
                                 *       Montgomery County, Md.
    Defendant                *

### COMPLAINT & JURY DEMAND

    COMES NOW the Plaintiff, Mark A. Lamont, by and through his attorney Kevin

Williams of the Williams Law Office and for his complaint against the Defendant CACH, LLC

("CACH") alleges as follows:

### PRELIMINARY STATEMENT

    1.    This is an action for actual and statutory damages, costs and attorney's fees

brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"),

and the Maryland Consumer Debt Collection Act, Md. Code §14-201 *et seq.* (MCDCA).

    2.    Upon belief and information, Plaintiff contends that many of these practices are

widespread for the Defendant.  Plaintiff intends to propound discovery to Defendant identifying

these other individuals who have suffered similar violations.

### PARTIES

    3.    The plaintiff is a natural person and resides in Germantown, Maryland. He is a

"consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and a "person" as defined by

MCDCA, Md. Code. §14-201(d).

4.      CACH is a licensed debt collection agency in Maryland with its principal office in Denver, Colorado. CACH advertises on its website[1] that it is "one of the most successful players in the US $40 billion asset recovery management industry."

5.      CACH regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(6) and the MCDCA Md. Code §14-201(b). Defendants moreover engage in "communication" as defined at 15 U.S.C. §1692a(2) by using one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## FACTUAL ALLEGATIONS

6.      CACH filed a Complaint claiming to be an assignee of a Bank of America account, which purportedly obligates Mr. Lamont to pay CACH for a debt in the total amount of $5,292.44. The alleged Bank of America account allegedly arose from services provided primarily for family, personal or household purposes and meets the definition of a "debt" under 15 U.S.C. §1692a(5).

7.      CACH filed the complaint captioned with its name as CACH, LLC as Assignee to Bank of America, N.A., which could cause the "least sophisticated consumer" to believe Bank of America was a party to the action.

8.      CACH's complaint alleges that when CACH acquired the debt the amount owed and outstanding was $4,153.54. The complaint further alleges that CACH is entitled to $690.32 in attorney's fees.

9.      CACH does not have a contract executed and signed by Mr. Lamont expressly authorizing attorney's fees to be assessed against Mr. Lamont in favor of CACH. CACH

[1] www.squaretwofinancial.com

attached to its complaint an unexecuted, unsigned and illegible cardholder agreement that expressly authorizes Bank of America, not CACH, to assess its collection costs or attorney's fees. Bank of America did not incur any expenses from CACH's collection activity.

10.     CACH's authorized agent, Peter Huber, swore in Plaintiff's Affidavit of Debt that the unsigned, unexecuted and illegible cardholder agreement was a "true and authentic cop[y] of the original document[s]." Peter Huber's sworn statements contradict Bank of America's officer Andy Brunk's sworn statement that the "original contract in this matter has been destroyed, or is no longer accessible." Andy Brunk states that his Affidavit of Claim and Certification of Debt "is to be treated as the original [contract] for **all** purposes." Brunk's Affidavit does not state CACH is entitled to its attorney's fees.

11.     CACH state's in its complaint that "included in the Bill of Sale" are terms and conditions or a cardholder agreement entitling CACH to "costs associated with the collection of the account, including but not limited to attorney's fees." The Bill of Sale attached with CACH's complaint does not refer to collection costs.

12.     The Bill of Sale does not identify an account held by Mr. Lamont as being sold, assigned or transferred from FIA Card Services to CACH. Furthermore, the Bill of Sale makes no "warranties of any type" as to the rights or interest being assigned. Finally, the Bill of Sale states a loan schedule is attached that identifies the actual loans being assigned. The loan schedule is not attached to the Bill of Sale.

13.     The interest worksheet attached to the complaint does not indicate how the principal balance of $4,153.54 was calculated.

14.     Custodian of records of CACH, Diana Blanco, swore that "[t]he records attached hereto are the original or exact duplicates of the original," including the attached cardholder agreement. Diana Blanco further states in a certificate of assignment that she has "personal knowledge" that Bank of America issued an account to Mr. Lamont. But according to the facts

stated in Diana Blanco's executed documents she was not employed by Bank of America and would have no "personal knowledge" of whether Bank of America issued an account to Mr. Lamont.

## COUNT ONE: VIOLATIONS OF FDCPA

15.     Plaintiff realleges and incorporates paragraphs 1 through 14 above as if fully set out herein.

16.     Defendant violated 15 U.S.C. §1692 in one or more of the following ways, without limitation by:

a.      Falsely representing Bank of America was a party to the action in violation of §1692e;

b.      Captioning its name in the complaint as CACH, LLC as Assignee to Bank of America, N.A. instead of its actual name CACH, LLC in violation of §1692e(14);

c.      Falsely representing Plaintiff had a debt with Defendant in the amount of $5,292.44 in violation of §1692e;

d.      Misrepresenting that the Bill of Sale established that Plaintiff's alleged debt was sold to it, a violation of §1692e;

e.      Attempting to collect $690.32 in attorney fees when it had no valid contract expressly authorizing the collection of attorney fees in violation of §1692f(1);

f.      Misrepresenting that the cardholder agreement attached to its complaint was an original or a true and accurate copy of the original in violation of §1692e;

g.      Deceptively stating it had "personal knowledge" of a transaction between Plaintiff and Bank of America, a violation of §1692e;

17.     As a result of the conduct and actions of Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-

of-pocket expenses, frustration, upset, anger, humiliation and severe emotional and mental distress.

18.     Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the court pursuant to 15 U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT TWO: VIOLATIONS OF MCDCA

19.     Plaintiff realleges and incorporates paragraphs 1 through 18 above as if fully set out herein.

20.     The alleged Bank of America account allegedly arose from a "consumer transaction" within the meaning of the MCDCA, §14-201(c). Defendant attempted to the collect on the Debt arising out of that transaction and is a "collector" within the meaning of MCDCA, §14-201(b).

21.     Defendant violated MCDCA, §14-202(8) by claiming rights and/or ownership to a debt that it knew it had no legal right to collect. Defendant knew it had neither a contract executed by the Plaintiff nor a Bill of Sale including Plaintiff's account. But, Defendant still claimed a right to collect a debt against Plaintiff.

22.     As a result of the conduct and actions of Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, frustration, upset, anger, humiliation and severe emotional and mental distress.

23.     Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the jury pursuant to MCDCA, §14-203.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 2-511(a) of Maryland Rules of Civil Procedure for Circuit Court, Plaintiff demands trial by jury in this action of all issues so triable.

WHEREFORE, your Plaintiff, Mark A. Lamont, demands judgment for actual and statutory damages against Defendant CACH, LLC; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

MARK A. LAMONT

By _____
Kevin Williams, Esq.
The Williams Law Office, LLC
3 Bethesda Metro Center, Suite 700
Bethesda, MD 20910
(301) 961-1906
*Attorney for Plaintiff Mark A. Lamont*